```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CLARENCE WALLACE, | |
| Plaintiff, | Civil Action No. 09-3798 (MLC) |
| v. | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**APPEARANCES:**

Clarence Wallace, Plaintiff pro se
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER**, District Judge

    Plaintiff. Clarence Wallace, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this civil action, asserting claims pursuant to 42 U.S.C. § 1983.[1] Plaintiff has neither prepaid the $350 filing fee nor submitted an application for leave to proceed in forma pauperis.

    Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915, which establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.  A prisoner seeking to bring a civil

---

    [1] Plaintiff submits an "affidavit" — rather than a form civil complaint — naming no defendants and setting forth no request for relief.  Accordingly, the Clerk of the Court will be directed to terminate the defendants included here, erroneously, on the docket.  Plaintiff will be granted leave to submit an amended complaint.  Any proposed amended complaint must comply with Rules 8 and 20 of the Federal Rules of Civil Procedure.

action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the

Court dismisses the complaint for any of these reasons, the installment payments of the filing fee are not suspended, and the prisoner is not permitted to get back the filing fee, or any part of it, that has already been paid.

A prisoner who has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, cannot bring another action in forma pauperis unless the prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff here failed to prepay the filing fee or submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002).  Also, the allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

**CONCLUSION**

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open within 30 days.[2]

An appropriate Order will be entered.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated: August 5, 2009

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995).